■ PETER PERELLIE, Respondent, v CRIMSON'S RESTAURANT, LTD., Doing Business as CLUB CALIBUR, et al., Appellants. — In an action, *inter alia,* to recover damages for breach of contract

and fraud, defendants appeal from an order of the Supreme Court, Westchester County (Beisheim, J.), entered December 2, 1983, which granted plaintiff's motion for a default judgment and calendared an inquest on the issue of damages.

Order affirmed, with costs.

The record indicates that all five of the defendants were personally served with a summons and complaint on July 29, 1983 and were in default even prior to August 31, 1983, when they retained counsel and when an answer on behalf of all five defendants was served upon, and rejected by, the plaintiff on or about September 26, 1983.

The determination of what constitutes a reasonable excuse for a default "lies within the sound discretion of the trial court" (*De Vito v Marine Midland Bank,* 100 AD2d 530, 531; *Vernon v Nassau County Med. Center,* 102 AD2d 852; CPLR 2005, 3012 [d]).

In the instant case the defendants failed to offer any excuse for their total disregard of the summonses and complaints which were served upon them on July 29, 1983. Moreover, even assuming, arguendo, that two of the individual defendants were not served with process until August 20, 1983, and were not in default on August 31, 1983, when they retained counsel, the result would not be any different. The record indicates that defendants' counsel received notice, by letter dated September 6, 1983, of plaintiff's counsel's intention to obtain a default judgment, but took no steps to seek leave from the court to serve a late answer until plaintiff placed the case on the Inquest Calendar. This conduct constituted an intentional default and is not excusable (*Murphy v Hall,* 24 AD2d 892). Finally, a review of defendants' opposing affidavits fails to demonstrate a meritorious defense to the action (*Vernon v Nassau County Med. Center,* 102 AD2d 852, *supra*).

Under these circumstances, we find no reason to disturb Special Term's determination (*De Vito v Marine Midland Bank,* 100 AD2d 530, *supra; Vernon v Nassau County Med. Center, supra*). Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.