■ CHRISTOPHER G. GANNON, Respondent, v JOHNSON SCALE COMPANY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 9, 1991 in Columbia County, which denied defendant's motion to vacate or resettle a prior order and judgment of the court.

We agree with plaintiff's argument that Supreme Court did not abuse its discretion in denying defendant's CPLR 5015 motion to vacate and/or resettle the judgment entered after defendant's default in appearing for trial and an inquest as to damages. Defendant has failed to demonstrate that it had a reasonable excuse for its default. Supreme Court properly found defendant's excuse, that local counsel it retained failed to appear at the trial scheduled for May 17, 1990 without notice to defendant or its counsel, insufficient (see, Vierya v Briggs & Stratton Corp., 166 AD2d 645, 645-647). Contrary to defendant's contention, this was not an isolated occurrence but rather followed a pattern of willful default and neglect (see, Chery v Anthony, 156 AD2d 414, 416-417). The record reveals that defendant failed to appear at a conference scheduled by Supreme Court for December 15, 1988 after the conference had been adjourned at defendant's request and then failed to appear at court-directed conferences scheduled for June 5, 1989 and December 13, 1989.

Defendant was not entitled to a resettlement of the judgment because the relief requested was for more than a mere clarification of terms or to correct a mistake in form, but rather was for substantive changes that could or should have been addressed and corrected, if warranted, at trial (see, Wilcox v County of Onondaga, 132 AD2d 984). It also would be

an inappropriate exercise of Supreme Court's inherent power to correct its own judgments to direct resettlement of the order and judgment *(see, Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 740-741).

Weiss, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.