■ CRES BARDALES, Appellant, v RUBEN BLADES, Respondent. [595 NYS2d 553] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated January 7, 1991, which granted the defendant's motion to dismiss the action for failure to serve a complaint, and denied the plaintiff's cross motion to vacate his default in serving a complaint and to compel the defendant to accept late service of the complaint.

Ordered that the order is affirmed, with costs.

In 1988 the plaintiff commenced a breach of contract action against the defendant by substituted service of a summons and complaint. However, this action was subsequently dismissed upon the defendant's motion when the court found that the substituted service failed to effect personal jurisdiction over the defendant. Almost two years later, in July of 1990, the plaintiff commenced the instant breach of contract action against the defendant by personal service of the summons only. Thereafter, the defendant's attorney, Howard A. Singer, sent two letters to the plaintiff's counsel demanding service of the complaint, dated August 13, 1990, and September 17, 1990, respectively. Despite these demands, no complaint was forthcoming from the plaintiff's counsel.

On November 7, 1990, 50 days after the date of the second demand and 65 days after the complaint was due, the defendant moved to dismiss the plaintiff's action pursuant to CPLR 3012 (b). On November 8, 1990, the plaintiff served a complaint on the defendant which was essentially identical to the complaint in the action dismissed in 1988. In a letter dated

November 13, 1990, the defendant rejected the complaint as untimely. The plaintiff then cross-moved pursuant to CPLR 2005 to vacate his default and to compel the defendant to accept late service of the complaint. The Supreme Court determined that the plaintiff's default was inexcusable and granted the defendant's motion to dismiss. We agree.

"The determination of what constitutes a reasonable excuse for a default 'lies within the sound discretion of the trial court' " (*Perellie v Crimson's Rest.*, 108 AD2d 903, 904, quoting from *De Vito v Marine Midland Bank*, 100 AD2d 530, 531). In the case at bar, the plaintiff contends that the principal reason why he neglected to timely serve the complaint was because his practice had become overwhelmed by his efforts to assist his friend, an attorney who had been seriously injured in a car accident and who subsequently died from his injuries.

While we do not disregard the plaintiff's attorney's laudable efforts to help out his friend, they do not excuse the default herein. It is undisputed that the plaintiff's attorney was well aware that the defendant had twice demanded service of the complaint, and yet more than two months went by before counsel served the complaint, and then only after he had been served with a motion to dismiss pursuant to CPLR 3012 (b). Given that this case involves a simple breach of contract, and in view of the fact that a complaint had already been prepared once before in the prior action, it would have been an easy task for the plaintiff to comply with the defendant's demand (*see, Egan v Federated Dept. Stores*, 108 AD2d 718). In addition, we note that despite the defendant's demands, the plaintiff did not attempt to seek an extension of time to serve the complaint, either by written stipulation with the defendant or through leave of the court (*see,* CPLR 2104). Under such circumstances, the Supreme Court correctly concluded that the plaintiff's attorney's conduct was not excusable (*see, Perellie v Crimson's Rest.*, 108 AD2d 903, *supra; DeStefano v Nash,* 40 AD2d 1010). Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.