■ Kingsbury Putney, Respondent, v Stephen E. Pearlman et al., Defendants, and Ghazi Bokhari, Appellant. [612 NYS2d 919] —In an action to foreclose a mortgage, the defendant Ghazi Bokhari appeals (1) from an order of the Supreme Court, Richmond County (Cusick, J.), dated March 2, 1992, which denied his motion to vacate his default in answering, and (2) as limited by his brief, from so much of an order of the same court, dated May 7, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 2, 1992, is dismissed, as that order was superseded by the order dated May 7, 1992, made upon reargument; and it is further,

Ordered that the order dated May 7, 1992, is affirmed, insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well settled that a party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense (see, Schiavetta v McKeon, 190 AD2d 724; Dowling Textile Mfg. Co. v Land, 179 AD2d 621; Billings v Rao, 172 AD2d 472). A court may, in its discretion, accept a claim of law office failure as satisfying the reasonable excuse requirement (see, CPLR 2005; Vierya v Briggs & Stratton Corp., 166 AD2d 645). Here, the defendant claims that his delay was occasioned by an unspecified failure of his former attorney. We discern no improvident exercise of discretion in the Supreme Court's rejection of this unsubstantiated excuse (see, Korea Exch. Bank v Attilio, 186 AD2d 634; Vierya v Briggs & Stratton Corp., supra). Additionally, the defendant has failed to establish a meritorious defense to the action. The defendant's claim that his purchase of the subject property was induced by fraud is unavailing, since in a related Federal action, in which the defendant was a party, there has been a determination that the transaction was a bona fide sale (see, Stochastic Decisions v DiDomenico, US Dist Ct, ED NY, Weinstein, J., 89 Civ 0361, affd 995 F2d 1158, cert denied — US —, 114 S Ct 385).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.