■ MICHELLE ORLANDO et al., Respondents, v CORNING INCORPORATED et al., Appellants. [623 NYS2d 635] —In an action to recover damages for personal injuries, etc., the defendants appeal from stated portions of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 17, 1994, which, *inter alia,* granted the plaintiffs' motion to vacate their default in opposing the defendants' motion to dismiss the complaint and, in effect, reinstated their complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the plaintiffs' complaint is dismissed.

The Supreme Court improvidently exercised its discretion in vacating the plaintiffs' default and reinstating the complaint. The motion to vacate was untimely and the plaintiffs failed to establish a reasonable excuse for their default and the existence of a meritorious cause of action *(see, Putney v Pearlman,* 203 AD2d 333; *Fennell v Mason,* 204 AD2d 599; *Schiavetta v McKeon,* 190 AD2d 724). The unsubstantiated excuse proffered by the plaintiffs' attorney that she never received properly

mailed motion papers and orders with a notice of entry was insufficient to rebut the proofs of service and the presumption of receipt *(see, Jeraci v Froehlich,* 129 AD2d 557, 558-559). Additionally, the plaintiffs' complete failure to submit an affidavit of merit was fatal to their motion to vacate *(see, Vierya v Briggs & Stratton Corp.,* 166 AD2d 645, 646). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.