█ Harris & Every, Inc., Respondent, v Walton Central School District et al., Defendants, and Bradco Supply Corporation, Appellant. [639 NYS2d 536] —Casey, J.█

Plaintiff, a roofer and insulation installer, commenced this action in November 1991 principally alleging that defendants had breached a contract by negligently providing certain information used by plaintiff in preparing a price quote for a construction subcontract. Following joinder of issue, Supreme Court issued a scheduling order to the parties on May 10, 1994 which set down the day for trial as August 22, 1994. Thereafter, on the eve of this trial date, counsel for defendant Bradco Supply Corporation made repeated requests for adjournment of this trial date. Supreme Court refused these last-minute requests and a nonjury trial was held on schedule without any appearance by counsel for Bradco. Subsequently, a judgment in plaintiff's favor was entered with Bradco found to be 20% responsible for the damages. Bradco then moved for an order vacating the judgment rendered against it and ordering a new trial. Supreme Court denied this motion and Bradco appeals.

We reject Bradco's contention that Supreme Court abused its discretion by refusing to vacate the judgment. Although Bradco maintains that its adjournment request should have been granted because its local counsel allegedly did not have adequate notice of the trial to prepare a defense, the record confirms and Bradco concedes that Bradco and its local counsel were aware of the scheduled August 22, 1994 trial date by June 7, 1994 at the latest. Given the lack of a reasonable excuse for the default in this case, we find that Supreme Court was fully justified in declining to adjourn the trial or vacate the judgment entered following Bradco's failure to defend itself at trial (*see, Gannon v Johnson Scale Co.*, 189 AD2d 1052).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.