■ FARM FAMILY MUTUAL INSURANCE COMPANY, Plaintiff and Third-Party Defendant-Respondent, v JAMES E. FLAHERTY, Defendant and Third-Party Plaintiff-Appellant. EARL R. ABBEY et al., Third-Party Defendants-Respondents. (Action No. 1.) JAMES E. FLAHERTY, Appellant, v FARM FAMILY MUTUAL INSURANCE COMPANY et al., Respondents. (Action No. 2.) [648 NYS2d 966] —In two related actions, *inter alia,* to recover no-fault insurance benefits, James E. Flaherty appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 30, 1995, as granted the motion of the third-party defendants Charlene H. Mascia and Maxwell B. Mascia to dismiss the third-party complaint in Action No. 1 insofar as asserted against them, and denied his motion to vacate a judgment dated February 2, 1993, dismissing the complaint in Action No. 2.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The court did not improvidently exercise its discretion in denying the appellant's motion to vacate the judgment dismissing his complaint in Action No. 2. A party which seeks to vacate a dismissal pursuant to 22 NYCRR 202.27 (b) must offer a reasonable excuse for failing to appear for a scheduled hearing (*see,* CPLR 5015 [a] [1]; *Putney v Pearlman,* 203 AD2d 333). Here, the appellant did not provide a reasonable excuse.

The appellant's remaining contentions are without merit. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.