■ ARTEMIS ROUSSODIMOU, Appellant, v DEMETRIOS ZAFIRIA-DIS, Respondent. [657 NYS2d 66] —In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 25, 1996, which granted the defendant's motion pursuant to CPLR 5015 to vacate a default judgment entered against him.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the defendant's motion to vacate the default judgment entered against him is denied.

The plaintiff commenced the instant dental malpractice action against the defendant in or about July 1993, alleging, inter alia, that the defendant had fitted her "with an improperly constructed bridge". The defendant, who was personally served with a copy of the summons and complaint, made arrangements with one of his patients, an attorney, to defend him in the instant action.

No answer was served on behalf of the defendant, and the plaintiff moved for leave to enter a default judgment. The plaintiff served this motion upon the defendant who forwarded it to his attorney. Although the return date of the motion was adjourned several times at this attorney's request, no opposition papers were filed on behalf of the defendant. Thus, in April 1995, the plaintiff's motion for leave to enter a default judgment was granted, and the matter was set down for a hearing on damages. The defendant failed to appear at the hearing on damages, and on August 14, 1995, a judgment in the amount of $76,648.55 was entered against him. In December 1995, the plaintiff served a restraining notice upon the defendant's bank, freezing his account.

In March 1996 the defendant moved to vacate the default judgment entered against him. According to the defendant, he first realized that a default judgment had been entered against him on December 27, 1995, when his bank notified him that his account had been frozen. He also stated that any problem with the plaintiff's bridges was due to her failure to return to him for a final fitting on the bridges. Over the plaintiff's opposition, the defendant's motion was granted, and the plaintiff now appeals. We reverse.

A party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious

defense (*see, Putney v Pearlman*, 203 AD2d 333; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 140). While the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see, Bardales v Blades*, 191 AD2d 667, 668), reversal is warranted where the court improvidently exercises its discretion (*see, Orlando v Corning, Inc.*, 213 AD2d 464). The court has discretion to accept law-office failure as a reasonable excuse (*see,* CPLR 2005; *Putney v Pearlman, supra; Vierya v Briggs & Stratton Corp.*, 166 AD2d 645), but "a pattern of willful default and neglect" should not be excused (*Gannon v Johnson Scale Co.*, 189 AD2d 1052; *Chery v Anthony*, 156 AD2d 414, 416).

In the instant case, we conclude that the court improvidently exercised its discretion in granting the defendant's motion to vacate his default. While the defendant's explanation of law-office failure was a reasonable excuse for the initial failure to answer the complaint, the conduct of the attorney with whom the defendant made arrangements to defend him constituted repeated neglect (*see, Gannon v Johnson Scale Co., supra; Chery v Anthony, supra*). Moreover, the motion for a default judgment served upon the defendant specifically stated that the defendant had neither appeared nor answered the complaint. Thus, his continued belief that the attorney was handling the case for him was not reasonable (*see, Merwitz v Dental Care Servs.*, 155 AD2d 748, 750).

Finally, although the defendant was aware that the plaintiff had sought a default judgment against him, and should have been aware that the plaintiff obtained such a judgment, he took no steps to vacate the default judgment until after the judgment was entered and the plaintiff obtained a restraining order freezing his bank account. Under the circumstances, such conduct constituted an intentional default, which is not excusable (*see, Perellie v Crimson's Rest.*, 108 AD2d 903, 904). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.