■ Arthur J. Rock, Respondent, v Jeffrey M. Schwartz, Appellant. [664 NYS2d 614] —In an action to recover damages for misconduct of a notary public pursuant to Executive Law § 135, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 11, 1996, which denied his motion to (1) vacate his default in appearing for trial, and (2) restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

It is well settled that a defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see, Roussodimou v Zafiriadis,* 238 AD2d 568). Although the Court may, in its

discretion, accept law office failure as a reasonable excuse (*see,* CPLR 2005; *Putney v Pearlman,* 203 AD2d 333), " 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis, supra,* at 569, quoting *Gannon v Johnson Scale Co.,* 189 AD2d 1052). Here, the repeated failure of the defendant's attorney to appear in the Trial Assignment Part on scheduled trial dates demonstrates a pattern of willful neglect, which cannot be justified by his claim that he did not receive notices or legal documents addressed to him at his law firm. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to vacate his default (*see, Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532; *Matter of United States Auto. Assn. v Steiger,* 191 AD2d 496; *Zapell v Mecca,* 190 AD2d 791; *Gannon v Johnson Scale Co., supra*). Mangano, P. J., Copertino, Krausman and Luciano, JJ., concur.