■ EMANUEL KOLAJO, an Infant, by His Mother and Natural Guardian, ERNESTINE KOLAJO, et al., Respondents, v CITY OF NEW YORK, Appellant. [670 NYS2d 52] —In an action, *inter alia*, to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated January 31, 1997, which denied its motion to vacate an order of the same court, dated January 18, 1996, granting the plaintiffs' motion for summary judgment on the issue of liability upon the City's default in responding to the motion.

Ordered that the order is affirmed, with costs.

It is well settled that on a motion to vacate a default pursuant to CPLR 5015 (a), a defendant must demonstrate a reasonable excuse for the default and a meritorious defense (*Roussodimou v Zafiriadis*, 238 AD2d 568; *Fennell v Mason*, 204 AD2d 599). A court may, in its discretion, accept law office failure as a reasonable excuse (*see*, CPLR 2005; *Putney v Pearlman*, 203 AD2d 333; *Vierya v Briggs & Stratton Corp.*, 166 AD2d 645), "but 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis, supra*, at 569, quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052).

In the instant case, not only did the City of New York repeatedly fail to comply with the court's discovery orders or pay

court-ordered sanctions for a period of 22 months after a preliminary conference order was issued, but it failed to respond to the plaintiffs' summary judgment motion because its counsel misread the motion papers. Furthermore, the City waited approximately seven months before moving to vacate its default. Therefore, the Supreme Court properly denied the City's motion to vacate its default in responding to the plaintiffs' motion for summary judgment on the issue of liability.

Moreover, the City's affidavit of merit, which contained only conclusory assertions and denials of negligence, was insufficient to establish a meritorious defense (*see, Peterson v Scandurra Trucking Co.*, 226 AD2d 691, 692; *Lener v Club Med*, 168 AD2d 433, 435; *Starr Block Co. v Tedesco*, 146 AD2d 692, 693). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.