■ ALFRED CATAUDELLA et al., Respondents, v KINGS BAY HOUSING SECTION II, INC., et al., Defendants and Third-Party

Plaintiffs-Appellants. WALCAT PLUMBING AND HEATING CORP., Third-Party Defendant-Appellant. [686 NYS2d 819] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs Kings Bay Housing Section II, Inc., and Elm Management Co. appeal from stated portions of an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 12, 1998, which, *inter alia*, (1) granted the plaintiffs' motion to renew and reargue the motion of the defendants third-party plaintiffs for summary judgment dismissing the plaintiffs' cause of action to recover damages pursuant to Labor Law § 240 (1), which motion was granted by order of the same court entered January 28, 1997, and upon renewal and reargument denied their motion, and (2) granted that branch of the motion of the third-party defendant, Walcat Plumbing and Heating Corp., which was for leave to vacate an order of the same court, dated April 11, 1997, made upon its failure to appear or answer in the third-party action, and the third-party defendant, Walcat Plumbing and Heating Corp., cross-appeals, as limited by its brief, frcm so much of the order dated January 12, 1998, as granted the plaintiffs' motion for renewal and reargument, and upon renewal and reargument, denied the motion of the defendants third-party plaintiffs for summary judgment dismissing the plaintiffs' cause of action to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is modified by deleting therefrom the provision which granted the plaintiffs' motion for renewal and reargument, and, upon renewal and reargument, denied the motion of the defendants third-party plaintiffs for summary judgment dismissing the plaintiffs' cause of action to recover damages pursuant to Labor Law § 240 (1), and substituting therefor a provision denying the plaintiffs' motion for renewal and reargument; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants third-party plaintiffs, payable by the plaintiffs.

The plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1), and the defendants cross-moved for summary judgment dismissing the plaintiffs' cause of action to recover damages under Labor Law § 240 (1). By order dated January 28, 1997, the Supreme Court denied the plaintiffs' motion and granted the cross motion. By order dated January 12, 1998, the Supreme Court granted renewal and reargument, and upon renewal and reargument, denied both the cross motion and the plaintiffs' motion on that cause of action.

The plaintiff Alfred Cataudella's injuries were not a result of

an elevation-related hazard. As stated by the Court of Appeals in *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514): "The contemplated hazards [of Labor Law § 240 (1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured". Accordingly, the Supreme Court improperly denied summary judgment to the defendants on the issue of liability under Labor Law § 240 (1).

The third-party defendants' motion to vacate their default in appearing or answering was properly granted, since they provided a reasonable excuse and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Rock v Schwartz,* 244 AD2d 542; *Roussodimou v Zafiriadis,* 238 AD2d 568; *Putney v Pearlman,* 203 AD2d 333). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.