■ THOMAS F. CAMPENNI et al., Appellants, v RIDGECROFT ESTATES OWNERS, INC., et al., Defendants, and LISA AMICO, Re-

spondent. [690 NYS2d 599] —In an action, *inter alia*, for a declaratory judgment and to recover damages for breach of a fiduciary duty, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 29, 1998, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated April 30, 1998, issued pursuant to 22 NYCRR 202.27, awarding the defendant Lisa Amico judgment on her counterclaim upon their default in appearing for a trial readiness conference, and (2) an order of the same court, also entered May 29, 1999, which denied, as academic, their motion for summary judgment dismissing the counterclaim of the defendant Lisa Amico.

Ordered that the orders are affirmed, with one bill of costs.

It is well settled that a party seeking to vacate an order issued pursuant to 22 NYCRR 202.27 must demonstrate a reasonable excuse for his or her default in appearing for a scheduled conference (*Putney v Pearlman,* 203 AD2d 333). While a court may, in the exercise of its discretion, accept law office failure as a reasonable excuse (*see,* CPLR 2005), " 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis,* 238.AD2d 568, 569, quoting *Gannon v Johnson Scale Co.,* 189 AD2d 1052).

The repeated failure of the plaintiffs' counsel to appear for scheduled conferences demonstrates a pattern of willful neglect which cannot be excused by his claim of law office failure. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion to vacate the order entered upon their default (*see, Rock v Schwartz,* 244 AD2d 542; *Van Kleeck v Horton Mem. Hosp.,* 251 AD2d 494). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.