■ CLINCEY WYNNE, Appellant, v LANCE WAGNER, Respondent. [693 NYS2d 60] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated July 2, 1998, which granted the defendant's motion, *inter alia*, for leave to vacate a judgment in the principal sum of $635,000, entered against him upon his default in appearing at trial.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is denied, and the judgment is reinstated.

It is well settled that on a motion for leave to vacate a default judgment pursuant to CPLR 5015(a), a defendant must demonstrate a reasonable excuse for the default and a meritorious defense (*see, Kolajo v City of New York,* 248 AD2d 512; *Roussodimou v Zafiriadis,* 238 AD2d 568; *Fennell v Mason,* 204 AD2d 599). While a court may, in its discretion, accept law-office failure as a reasonable excuse (*see,* CPLR 2005; *Putney v Pearlman,* 203 AD2d 333; *Vierya v Briggs & Stratton Corp.,* 166 AD2d 645), reversal is warranted where the court improvidently exercises its discretion (*see, Roussodimou v Zafiriadis, supra; Orlando v Corning, Inc.,* 213 AD2d 464). A "pattern of willful default and neglect" should not be excused (*Gannon v Johnson Scale Co.,* 189 AD2d 1052).

The defendant repeatedly failed to comply with the court's discovery orders, and did not appear for an examination before trial until after the plaintiff moved to strike the answer. Thereafter, the defendant's attorney failed to appear in the Trial Assignment Part on the scheduled trial date, even after the Supreme Court adjourned the matter for a day and contacted the law firm representing the defendant. The defendant failed to adequately explain this pattern of willful neglect (*see, Rock v Schwartz,* 244 AD2d 542; *Putney v Pearlman, supra*). Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the defendant's motion for leave to vacate the default judgment. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.