■ MRI ENTERPRISES, INC., Respondent, v AFZAL AMANAT et al., Appellants. [693 NYS2d 211] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated June 8, 1998, which denied their motion for leave to vacate a judgment of the same court, dated November 24, 1997, entered upon a prior order of the same court dated August 1, 1996, striking their answer unless they complied with discovery demands, which is in favor of the plaintiff and against them in the sum of $908,763.

Ordered that the order is affirmed, with costs.

In order to succeed on a motion to vacate a judgment entered upon a default, the moving party must demonstrate both a

valid excuse for the default and a meritorious defense to the underlying action (*see, Lovisa Constr. Co. v Facilities Dev. Corp.,* 148 AD2d 913, 914). The defendants persistently ignored the plaintiff's discovery demands, willfully defied court orders, repeatedly failed to appear in court and took no action to ascertain the status of their case. Even if the defendants' former attorney was responsible for some of the delay, where there is a pattern of neglect, the attorney's negligence is properly imputed to the client (*see, Lauro v Cronin,* 184 AD2d 837; *Chery v Anthony,* 156 AD2d 414). Accordingly, the defendants failed to establish a reasonable excuse for their default. Moreover, the defendants' conclusory allegation that they had no contractual relationship with the plaintiff was insufficient to establish a meritorious defense to the action (*see, Perellie v Crimson's Rest.,* 108 AD2d 903, 904). O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.