■ CLIFTON HIGH et al., Respondents, v MARGARET WRIGHT, Defendant, and WILBERT PATRON, JR., Appellant. [696 NYS2d 835] —In an action to recover damages for personal injuries, the defendant Wilbert Patron, Jr., appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated January 8, 1997, as denied his cross motion to dismiss the complaint, (2) from an order of the same court, dated February 13, 1997, which denied his motion pursuant to CPLR 3215 (c) to dismiss the action as abandoned, (3) as limited by his brief, from so much of an order of the same court (Lerner, J.), dated August 26, 1997, as denied that branch of his motion which was to vacate so much of a judgment of the same court (Lerner, J.), entered March 26, 1997, upon his failure to appear or answer, as is in favor of the plaintiffs and against him, and (4), as limited by his notice of appeal and brief, from so much of an order of the same court (Price, J.), dated February 24, 1998, as, upon granting reargument of that branch of his motion which was for leave to vacate his default in appearing or answering, adhered to the determination in the order dated August 26, 1997.

Ordered that the appeal from the order dated August 26, 1997, is dismissed, as the part of that order which is appealed from was superseded by the order dated February 24, 1998, made upon reargument; and it is further,

Ordered that the orders dated January 8, 1997, and February 24, 1998, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 13, 1997, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appellant did not demonstrate a reasonable excuse for his default and a meritorious defense. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying his motion to vacate his default (*see, Bambino v Bambino,* 261 AD2d 426; *Neuman v Greenblatt,* 260 AD2d 616; *Roussodimou v Zafiriadis,* 238 AD2d 568; *Putney v Pearlman,* 203 AD2d 333).

The parties' remaining contentions are without merit. Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.