■ COLONIE CONSTRUCTION PRODUCTS, INC., Appellant, v TITAN INDEMNITY COMPANY et al., Respondents, et al., Defendant. [697 NYS2d 365] —Peters, J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 25, 1998 in Ulster

County, which granted a motion by defendants Titian Indemnity Company and SRC Contracting Corporation to, *inter alia*, vacate a default judgment entered against them.

Pursuant to a contract between plaintiff and defendant SRC Contracting Corporation, SRC was to furnish labor and materials for the reconstruction and alteration of the Ulster County BOCES Vocational-Technical Center (hereinafter the Center). Defendant Titan Indemnity Company executed and delivered to defendant Board of Education Ulster County BOCES (hereinafter BOCES) a labor and material payment bond guaranteeing prompt payment to any claimants having a direct contract with either SRC or its subcontractors for labor, materials or both required for use in the underlying contract. It is undisputed that SRC accepted plaintiff's bid in the amount of $21,600 and plaintiff performed its agreement with SRC. Although plaintiff periodically remitted invoices to SRC without objection, other than a partial payment in the amount of $5,902 on the $23,213 debt, no other payments were received.

In February 1993, plaintiff formally demanded payment pursuant to the terms of the bond and simultaneously filed a mechanic's lien. Upon a continued refusal to pay, plaintiff commenced the instant action against Titan for breach of contract. Titan asserted that plaintiff's claim was untimely because it was not filed within one year from the date that SRC completed its work under the contract—a term and condition in the bond for the commencement of an action. Thereafter receiving permission to add SRC and BOCES as defendants, plaintiff filed an amended complaint alleging numerous causes of action including breach of contract and for the foreclosure of the mechanic's lien. Both SRC and Titan responded by its counsel, Robert Hilpert, with an amended verified answer alleging that plaintiff's claim was untimely. SRC and Titan thereafter failed, for the next three years, to take any action to defend this case despite the rigorous defense asserted by BOCES.

As a result of a failure to respond to plaintiff's notice of discovery and inspection seeking, *inter alia*, the date on which SRC completed work on the project, plaintiff made a motion for preclusion against all defendants which resulted in a 30-day conditional order. With BOCES' appeal of such order and SRC and Titan further failing to provide the requested information, plaintiff sought and received, again without opposition from SRC and Titan, a final order precluding them from entering evidence of the date on which SRC completed work on the proj-

ect. We, therefore, dismissed BOCES' appeal as moot (*Colonie Constr. Prods. v Titan Indem. Co.*, 242 AD2d 852).*

Plaintiff thereafter made a motion for summary judgment, returnable on December 1, 1997, which was served upon Hilpert for both Titan and SRC. Again they failed to respond. Upon such default and the court's direction to plaintiff to submit a proposed order, Hilpert was again served, on behalf of both Titan and SRC, first with a notice of settlement of a proposed order and judgment and finally with the order and judgment with notice of entry dated February 2, 1998. Despite service of these additional papers upon Titan, along with an information subpoena and restraining notice dated April 17, 1998, plaintiff's demands continued to be ignored.

Upon plaintiff's advising, by letter dated May 5, 1998, that a contempt motion would be forthcoming if Titan continued to refuse to comply, both Titan and SRC responded with a motion to vacate and/or modify the February 1998 order. Included therein was an affidavit from Hilpert contending that as *former* counsel, he never received either the motion papers or the notice of settlement of the judgment, speculating that such failure was due to the relocation of his office on or about June 1, 1997. Notably, those served papers were neither returned to the post office nor to plaintiff's counsel. The motion was further supported by an affidavit of SRC's president, Marcello Caridi, wherein he stated that while he possessed no knowledge regarding the accuracy of the excuse offered by Hilpert, SRC had instituted a malpractice action against him. Caridi asserted that law office failure and the court's improper assessment of interest warranted vacatur of the order. Supreme Court granted the motion to vacate, without opinion, and set aside all collection proceedings initiated to enforce the judgment. Plaintiff appeals.

We reverse. A party seeking to vacate a default judgment on the ground of excusable default pursuant to CPLR 5015 (a) (1) must establish a reasonable excuse for the default, a meritorious defense to the underlying action and the absence of willfulness (*see*, CPLR 5015 [a] [1]; *see also, Kasriels v Barnard Coll.*, 256 AD2d 909). While we have consistently held that a disposition on the merits is favored (*see, Fishman v Beach*, 246 AD2d 779; *Stow Mfg. Co. v F & K Supply*, 232 AD2d 958) and that, in the absence of an improvident exercise of discretion, we will defer to the determination by Supreme Court as to whether

---

* Hence, for the purposes of this action, SRC was deemed to have continued work on the project after December 9, 1992 and into January 1993.

sufficient facts exist so as to warrant vacatur (*see, Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853; *Pisano v Tupper*, 177 AD2d 886), we find this record devoid of the necessary factual support.

Having full knowledge of the commencement of this action, both SRC and Titan relegated their representation and responsibilities to Hilpert. Although both SRC and Titan urge this Court to excuse Hilpert's actions and, thus, the default on this motion under the guise of law office failure, we cannot ignore the pattern and practice of neglect engaged in by Hilpert on behalf of these defendants and their blatant failure to have inquired and ensured that their interests were being properly protected (*see, Winslow v Pyramid Co./Aviation Mall*, 248 AD2d 922; *Fishman v Beach, supra; Stow Mfg. Co. v F & K Supply, supra*). Having failed to demonstrate a reasonable excuse for the delay, we need not address whether a meritorious defense was proffered.

Mikoll, J. P., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.