■ STACEY RUPPELL, Appellant, v HAIR PLUS BEAUTY, INC., et al., Respondents. [733 NYS2d 95] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated October 10, 2000, which denied her motion to vacate a judgment of the same court, entered May 24, 1999, dismissing the complaint upon her default in appearing at trial.

Ordered that the order is affirmed, with costs.

A plaintiff seeking to vacate a default judgment must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim (*see,* CPLR 5015 [a] [1]; *Wynne v Wagner,* 262 AD2d 556; *Rock v Schwartz,* 244 AD2d 542). What constitutes a reasonable excuse for a default lies within the sound discretion of the trial court.

The repeated refusal of the plaintiff's counsel to proceed with the trial on the scheduled trial dates, as well as her failure to comply with Uniform Rules for the Engagement of Counsel pursuant to 22 NYCRR 125.1, demonstrate a pattern of willful neglect of the legal process (*see,* 22 NYCRR 125.1 [c]; *Wynne v Wagner, supra*; *Rock v Schwartz, supra*; *Gannon v Johnson Scale Co.,* 189 AD2d 1052). Furthermore, the plaintiff's conclusory affidavit of merit was deficient (*see, Saeed v Boulevard Hosp.,* 109 AD2d 831). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the judgment. Santucci, J. P., Florio, H. Miller and Cozier, JJ., concur.