■ NIHAD OWAID, Appellant, v COUNTRY-WIDE INSURANCE COMPANY, Respondent. [774 NYS2d 748]—

In an action to recover damages for nonpayment of medical services rendered to the defendant's insureds, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 13, 2003, which granted the defendant's motion to vacate a judgment of the same court (Archer, J.H.O.), dated October 7, 2002, entered upon the defendant's default in appearing and answering.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion to vacate is denied, and the judgment is reinstated.

A defendant attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense (see Roussodimou v Zafiriadis, 238 AD2d 568 [1997]). While the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see Bardales v Blades, 191 AD2d 667 [1993]),

reversal is warranted where the court improvidently exercises its discretion. The court has discretion to accept law office failure as a reasonable excuse but "a pattern of willful default and neglect" should not be excused (*Roussodimou v Zafiriadis, supra* at 569 [internal quotation marks omitted]).

The court improvidently exercised its discretion in granting the defendant's motion to vacate its default. The only excuse offered, "due to a clerical error, the summons and complaint were not matched to the appropriate file" was insufficient under the circumstances of this case (*see Ortiz v Delmar Recycling Corp.,* 244 AD2d 392 [1997]). Moreover, the defendant failed to present any reasonable excuse for its various other defaults in this case including the failure to appear at the inquest and the failure to take any steps to vacate the default until the city marshall levied an execution on its personal property. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.