■ STEVEN G. DePIAZZY et al., Appellants, v MARLIES LAKEY et al., Respondents, et al., Defendants. (And a Third-Party Action.) [781 NYS2d 744]—In an action, inter alia, to recover damages for fraud, commenced in the Supreme Court, Suffolk County, and transferred to the Surrogate's Court, Suffolk County, the plaintiffs appeal from so much of an order of the Surrogate's Court, Suffolk County (Weber, S.), dated November 22, 2002, as denied their motion to vacate a judgment of the same court dated August 30, 2002, entered upon their default in responding to three separate motions to dismiss the complaint made by the defendants Marlies Lakey, Charles G. Eichinger, and the Public Administrator of Suffolk County, respectively.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants personally to the respondents appearing separately and filing separate briefs.

In support of their motion to vacate a judgment entered upon their default in responding to motions to dismiss the complaint, the plaintiffs failed to proffer a reasonable excuse for their default. Thus, the Surrogate's Court's denial of the motion was a provident exercise of discretion (see Ruppell v Hair Plus Beauty, 288 AD2d 205 [2001]; Montalvo v Nel Taxi Corp., 114 AD2d 494, 495 [1985]).

In light of our determination, the plaintiffs' remaining contentions are academic. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.