■ JENNIFER EDWARDS, Appellant, v MANUEL FELIZ, Defendant, and HIGH CLASS LIMOUSINE AND CAR SERVICE CORP., Respondent. [813 NYS2d 494]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 19, 2005, which granted the motion of the defendant High Class Limousine and Car Service Corp. pursuant to CPLR 5015 (a) (1) to vacate an order of the same court (Ruditzky, J.) dated March 26, 2004, granting her unopposed motion to strike the answer of that defendant and to vacate so much of a judgment of the same court (M. Garson, J.) entered February 23, 2005, as, upon the order dated March 26, 2004, and after an inquest, was in favor of her and against that defendant in the principal sum of $175,000.

Ordered that the order dated August 19, 2005 is reversed, on the law and as a matter of discretion, with costs, the motion to vacate is denied, the order dated March 26, 2004 is reinstated, and so much of the judgment as was in favor of the plaintiff and against the defendant High Class Limousine and Car Service Corp. in the principal sum of $175,000 is reinstated.

A defendant attempting to vacate a judgment must demonstrate both a reasonable excuse for the default and a meritorious defense (*see MRI Enters. v Amanat,* 263 AD2d 530 [1999]; *Roussodimou v Zafiriadis,* 238 AD2d 568, 568-569 [1997]). The defendant High Class Limousine and Car Service Corp. (hereinafter High Class Limo) failed to appear in court, ignored the plaintiff's requests to comply with court-ordered discovery, defaulted on the plaintiff's motion to strike its answer, and took no action to ascertain the status of this case. Assuming that the defaults resulted from the unexplained failure of the former attorney for High Class Limo to file and serve on the plaintiff's counsel a consent to change attorney pursuant to CPLR 321 (b) (*see Brown v Long Beach Mem. Hosp.,* 196 AD2d 802 [1993]), when there is a pattern of default and neglect, the attorney's negligence is properly imputed to the client (*see MRI Enters. v Amanat, supra; Roussodimou v Zafiriadis, supra* at 569; *Chery v Anthony,* 156 AD2d 414 [1989]). Under the circumstances of this case, High Class Limo failed to demonstrate an excusable default. Accordingly, its motion should have been denied. Florio, J.P., Santucci, Mastro and Rivera, JJ., concur.