■ CONSERVE ELECTRIC, INC., Respondent, v TULGER CONTRACTING CORP. et al., Appellants. [831 NYS2d 185]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated December 1, 2004, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate their default in appearing for trial, and to restore the action to the trial calendar.

Ordered that the appeal by the defendant Amwest Surety Insurance Company is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Tulger Contracting Corp.; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

To vacate its default in appearing for trial, the defendant Tulger Contracting Corp. (hereinafter the defendant), was required to demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Roussodimou v Zafiriadis*, 238 AD2d 568 [1997]). Although a court may, in its discretion, accept law office failure as a reasonable excuse (*see* CPLR 2005; *Putney v Pearlman*, 203 AD2d 333 [1994]), "a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis, supra* at 569 [internal quotation marks omitted]; *see Campenni v Ridgecroft Estates Owners*, 261 AD2d 496 [1999]). The repeated failure of the defendant's attorney to appear on the scheduled trial dates demonstrates a pattern of wilful neglect, which cannot be justified by his claim that he had no record of these dates (*see Ruppell v Hair Plus*

*Beauty*, 288 AD2d 205 [2001]; *Campenni v Ridgecroft Estates Owners, supra; Rock v Schwartz*, 244 AD2d 542 [1997]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion. Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.