■ ERNEST JOSEPH, Appellant, v GMAC LEASING CORPORATION et al., Respondents. [843 NYS2d 691]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered September 14, 2006, which denied his motion to vacate a prior order of the same court dated March 29, 2005, granting the defendants' motion for summary judgment dismissing the complaint upon his default in opposing the motion.

Ordered that the order is affirmed, with costs.

To vacate the order dated March 29, 2005, entered upon the plaintiff's default in opposing the defendants' motion for summary judgment dismissing the complaint, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious opposition to the motion for summary judgment (*see Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630 [2006]; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *Parker v City of New York*, 272 AD2d 310 [2000]). Although the court may, in its discretion, accept law office failure as a reasonable excuse (*see* CPLR 2005; *Putney v Pearlman*, 203 AD2d 333 [1994]), " 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997], quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052, 1052 [1993]). Here, the plaintiff's failure to timely comply with a conditional so-ordered stipulation dated September 22, 2004, and to oppose the defendants' motion for summary judgment, and his further one-year delay in moving to vacate the order dated March 29, 2005, constituted a pattern of willful default and neglect that cannot be excused (*see Glanville v Lets Care Again Daycare, Inc.*, 40 AD3d 580, 581 [2007]; *Amato v Fast Repair, Inc.*, 15 AD3d 429 [2005]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the order dated March 29, 2005, entered upon his default. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.