■ MELISSA CAMPBELL-JARVIS, Respondent, v VICTORIA ALVES, Also Known as VICTORIA BROWN. Appellant. [889 NYS2d 257]—

In order to vacate her default in opposing the defendant's prior motion to dismiss, the plaintiff was required to demonstrate both a reasonable excuse for her default and a meritorious opposition to the motion (*see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *Hospital for Joint Diseases v Dollar Rent A Car*, 25 AD3d 534 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Costanza v Gold*, 12 AD3d 551, 552 [2004]). Although the determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]), and the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), "a pattern of willful default and neglect" should not be excused (*Roussodimou v Zafiriadis*, 238 AD2d at 569 [internal quotation marks omitted]; *see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]; *Kolajo v City of New York*, 248 AD2d 512 [1998]; *Vierya v Briggs & Stratton Corp.*, 166 AD2d 645, 645-646 [1990]; *Chery v Anthony*, 156 AD2d 414, 417 [1989]), and the claim of law office failure should be supported by a "detailed and credible" explanation of the default or defaults at issue (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *see Gironda v Katzen*, 19 AD3d 644, 645 [2005]).

In this case, the plaintiff's attorney's conclusory, undetailed, and uncorroborated claim of law office failure did not amount to a reasonable excuse (*see Forward Door of N.Y., Inc. v Forlader*, 41 AD3d 535 [2007]; *Piton v Cribb*, 38 AD3d 741 [2007]; *Matter of ELRAC, Inc. v Holder*, 31 AD3d 636 [2006]). In addition, the plaintiff failed to submit an affidavit of merit. Accordingly, the Supreme Court abused its discretion in granting the plaintiff's motion to vacate an order which granted the defendant's motion to dismiss the action upon her default in opposing the motion. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.