OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed without costs, defendant’s motion to vacate the default judgment is denied and the default judgment is reinstated.
In this action by providers to recover assigned first-party no-fault benefits, plaintiffs moved for summary judgment and defendant failed to submit opposition. By order entered October 10, 2003, the Civil Court granted plaintiffs’ motion on default, and plaintiffs entered judgment pursuant thereto. Defendant moved to vacate the default judgment, and the Civil Court granted defendant’s motion. This appeal by plaintiffs ensued.
A defendant seeking to vacate a default judgment must demonstrate a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; Putney v Pearlman, 203 AD2d 333 [1994]). While the determination of what constitutes a reasonable excuse for a default generally lies within the sound discretion of the motion court (see Grutman v Southgate At Bar Harbor Home Owners’ Assn., 207 AD2d 526, 527 [1994]; Bergdorf Goodman v Hillard, 1 Misc 3d 127[A], 2003 NY Slip Op 51544[U] [App Term, 2d & 11th Jud Dists 2003]), reversal is warranted where the motion court has improvidently exercised its discretion (see Roussodimou v Zafiriadis, 238 AD2d 568 [1997]). In the case at bar, defendant did not submit an affidavit from anyone with personal knowledge setting forth a reasonable excuse for its failure to submit papers in opposition to plaintiffs’ motion for summary judgment. Furthermore, defendant’s attorney admitted that in October 2007 he had received a copy of the order granting, on default, plaintiffs’ motion for summary judgment, with notice of entry, and a copy of the proposed judgment, but did not move to vacate defendant’s default until April 18, 2008, after the default judgment had been entered. As a result of the failure of defendant to promptly seek to vacate its default and its waiting until *37 after the default judgment was entered, defendant’s default constituted an intentional default, which is not excusable (see Eretz Funding v Shalosh Assoc., 266 AD2d 184 [1999]; Roussodimou, 238 AD2d 568 [1997]).
Furthermore, defendant failed to demonstrate that it has a meritorious defense to plaintiffs’ action. While defendant argued that 40% of the claims had been paid and annexed checks for different sums made out to each plaintiff, said checks were all stamped “void.” In addition, defendant did not establish that its proffered defense of overbilling was set forth in timely denial of claim forms such that defendant was not precluded from interposing said defense (see Insurance Department Regulations [11 NYCRR] § 65-3.5 [b]).
In light of the foregoing, we find that the Civil Court improvidently exercised its discretion in granting defendant’s motion to vacate the default judgment. Accordingly, the order is reversed, defendant’s motion to vacate the default judgment is denied and the default judgment is reinstated.
The dissent raises the issue of the amount of interest awarded to plaintiffs. While we share the dissent’s concerns with regard to that issue, as the issue was raised neither in the Civil Court nor on appeal, we do not pass upon whether the accrual of interest may be tolled where it is found that there has been an unreasonable delay in the entry of judgment (see generally Insurance Department Regulations [11 NYCRR] § 65-3.9 [d]).