■ ALVARD BAZOYAH, Appellant, v IZAK HERSCHITZ et al., Respondents. [913 NYS2d 769]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated October 16, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and denied her cross motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated July 16, 2009, granting the defendants' unopposed motion pursuant to CPLR 3126 to preclude her from offering evidence at trial.

Ordered that the order dated October 16, 2009, is affirmed, with costs.

To vacate her default in opposing the defendants' motion pursuant to CPLR 3126, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Campbell-Jarvis v Alves*, 68 AD3d 701 [2009]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573 [2008]; *Raciti v Sands Point Nursing Home*, 54 AD3d 1014 [2008]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). While "[t]he court has discretion to accept law-office failure as a reasonable excuse . . . 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997] [citations omitted], quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052, 1052 [1993]; *see Pollock v Meltzer*, 78 AD3d 677 [2d Dept 2010]; *Campbell-*

*Jarvis v Alves*, 68 AD3d 701 [2009]). Here, the plaintiff's failure to comply with court-ordered discovery, her default in opposing the defendants' motion pursuant to CPLR 3126 to preclude her from offering evidence at trial, and her failure to appear for the duly-scheduled certification conference on July 8, 2009, constituted a pattern of willful default and neglect that cannot be excused (*see Grippi v Balkan Sewer & Water Main Serv.*, 66 AD3d 837, 838 [2009]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Kolajo v City of New York*, 248 AD2d 512 [1998]). Furthermore, the plaintiff failed to establish that she had a potentially meritorious opposition to the defendants' motion pursuant to CPLR 3126 (*see Horne v Swimquip, Inc.*, 36 AD3d 859, 861 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]). Accordingly, the Supreme Court properly denied the plaintiff's cross motion pursuant to CPLR 5015 (a) (1) to vacate the prior order of preclusion.

The Supreme Court also properly granted the defendants' motion for summary judgment dismissing the complaint, since the preclusion order prevents the plaintiff from establishing a prima facie case (*see Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979 [2009]; *Calder v Cofta*, 49 AD3d 484, 485 [2008]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907, 908 [2007]).

In light of our determination, we need not reach the plaintiff's remaining contention. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.