Roopnarine Sammy and Angimoon Sammy, Respondents, 
against
Majestic Collision, Inc., Kings Auto Sales, Inc., All American Power Tools, 322 Rutledge Realty, Inc. and Sol Koenig, Defendants, and Sam Koenig, Joseph Koenig and Michael Koenig, Also Known as Mechel Koenig, Appellants.



Appeal from an order of the Civil Court of the City of New York, Kings County (Genine D. Edwards, J.), entered April 2, 2014. The order denied a motion by defendants Sam Koenig, Joseph Koenig and Michael Koenig, also known as Mechel Koenig, to vacate so much of a default judgment entered March 25, 2004 as was against them.




ORDERED that the order is affirmed, without costs.
In April 1994, the injured plaintiff, Roopnarine Sammy, and his wife, Angimoon Sammy, suing derivatively, commenced this action in Supreme Court, Kings County, to recover for personal injuries and derivative losses resulting from defendants' alleged negligence. Answers were served and filed on behalf of all defendants, with the exception of defendant Majestic Collision, Inc., which failed to appear or answer. Defendant Kings Auto Sales, Inc. and defendants Sol Koenig, Sam Koenig, Joseph Koenig and Michael Koenig were all represented by Shmuel D. Taub, Esq. Plaintiffs served and filed a note of issue and certificate of readiness in April 1997 and, in January 1998, the action was transferred from the Supreme Court to the Civil Court, pursuant to CPLR 325 (d). 
On June 23, 1999, the matter was marked off the trial calendar due to plaintiffs' counsel's belated appearance. Two months later, by so-ordered stipulation dated August 23, 1999, signed by counsel for plaintiffs and defendants All American Power Tools and 322 Rutledge Realty, Inc., the case was restored to the trial calendar, and plaintiffs agreed, among other things, to file a new "trial notice." The stipulation noted that neither Taub nor the defendants he represented had appeared either in Supreme Court or Civil Court after the case had been placed on the trial [*2]calendar. The record reflects that a "Notice of Trial or Inquest" was mailed to Taub and to counsel for defendants All American Power Tools and 322 Rutledge Realty, Inc. on August 24, 1999, and was subsequently filed in the Civil Court.
On December 3, 2001, defendants All American Power Tools and 322 Rutledge Realty, Inc. settled with plaintiffs and an inquest was ordered as to the remaining defendants. The inquest was ultimately held on June 12, 2002, and plaintiffs were found to be entitled to a judgment in the amount of $125,000 as against "Sam Koenig, Sol Koenig, Joseph Koenig and Michael Koenig only severally and jointly." A judgment in favor of plaintiffs was entered on March 25, 2004 in the principal sum of $125,000. 
In November 2013, defendants Sam Koenig, Joseph Koenig and Michael Koenig (the Koenig defendants) moved to vacate so much of the default judgment as was against them, claiming that they had only become aware that a default judgment had been entered against them when, in November 2012, they had received an information subpoena regarding the judgment.[FN1]
They stated that, before that time, they had not been informed that an inquest had been held, that a motion had been made for leave to enter a judgment, or that a judgment had been entered.

In opposition to the motion, plaintiffs' current counsel annexed a supporting affirmation of plaintiffs' former trial counsel, who stated that, in April 1997, he had filed a note of issue and certificate of readiness (in the Supreme Court), which had been served on Taub, and that Taub had never appeared or contacted him thereafter. (The affirmation did not refer to the August 1999 "Notice of Trial or Inquest.")

The reply papers contained an affirmation from Taub, who stated that his office had never been informed that there would be a trial, that plaintiffs were moving for a default judgment, or that an inquest would be scheduled. He stated that the "Notice of Trial or Inquest," allegedly mailed to his office on August 24, 1999, had been mailed to his former office address and that he had notified the court and opposing counsel that, as of September 1, 1998, his office was relocating.

In an order entered April 2, 2014, the Civil Court denied the motion. We affirm.

A defendant seeking to vacate a default judgment based on excusable default must demonstrate both a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Although this case was transferred to the Civil Court in early 1998, Taub had apparently not made any court appearances after this case was placed on the trial calendar in the Supreme Court, and the Koenig defendants do not dispute that that is the case. While Taub, in his affirmation, explained that he had relocated his office on September 1, 1998, and had never been notified of any subsequent court proceedings, this does not excuse his apparent abandonment of the case. 

To the extent that the Koenig defendants seek to excuse their default due to Taub's law office failure, they have failed to provide a sufficiently detailed and credible explanation to warrant relief (see People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2012]). In any event, law office failure should not be excused where a party's default results not from an isolated, inadvertent mistake, but from repeated neglect (see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595 [2012]; Gutman v A to Z Holding Corp., 91 AD3d 718, 719 [2012]; Chery v Anthony, 156 AD2d 414, 417 [1989]). Where, as here, Taub essentially abandoned the defense of this case, such a pattern of willful default and neglect may not be excused (see Bazoyah v Herschitz, 79 AD3d 1081 [2010]; Pollock v Meltzer, 78 AD3d 677 [2010]; Campbell-Jarvis v Alves, 68 AD3d 701 [2009]; Roussodimou v Zafiriadis, 238 AD2d 568 [1997]) merely because of his claim that he did not receive notice after he had relocated his office (see Colonie Constr. Prods. v Titan Indem. Co., 265 AD2d 716 [1999]; see [*3]also Conserve Elec., Inc. v Tulger Contr. Corp., 36 AD3d 747 [2007]; Rock v Schwartz, 244 AD2d 542 [1997]). Furthermore, although Taub contends that he had notified the court and opposing counsel that his office was relocating, he simply annexed to his affirmation a notice announcing the office's relocation without specifying when, how and to whom notification was made.

Where there is a pattern of default and neglect, the attorney's negligence is properly imputed to the client (see Edwards v Feliz, 28 AD3d 512 [2006]; MRI Enters. v Amanat, 263 AD2d 530 [1999]). The Koenig defendants were aware that an action had been commenced against them and apparently failed to take any steps to ascertain the status of their case. We should not ignore their "blatant failure to have inquired and ensured that their interests were being properly protected [by Taub]" (Colonie Constr. Prods. v Titan Indem. Co., 265 AD2d at 719). Moreover, the Koenig defendants did not move to vacate so much of the default judgment as was against them until November 2013, one year after their receipt, in November 2012, of an information subpoena related to the judgment, and gave no reasonable explanation therefor, further evidencing a pattern of inexcusable neglect (see e.g. Eveready Ins. Co. v Devissiere, 134 AD2d 323 [1987]).

Although the question of whether the Koenig defendants demonstrated a meritorious defense to the action need not be reached in light of the foregoing, we note, in any event, that the Koenig defendants' conclusory allegations that they could not be liable because they lacked a business relationship with plaintiff Roopnarine Sammy were insufficient to establish a meritorious defense.

Consequently, the Civil Court did not improvidently exercise its discretion in denying the motion by the Koenig defendants to vacate so much of the default judgment as was against them. Accordingly, the order is affirmed.

Pesce, P.J., Aliotta and Solomon, JJ., concur.

Decision Date: June 23, 2016



Footnotes

Footnote 1:Defendant Sol Koenig apparently passed away in 2008, and his estate has not been substituted for him.