■ SAM MARTINOVICH, Respondent, v COMMERCIAL INSTRUMENTATION SERVICES, INC., Appellant. [718 NYS2d 205] —In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 14, 2000, which denied its motion to vacate its default in answering and for leave to interpose an answer, and (2) an order of the same court dated April 27, 2000, which denied its motion, denominated as one for renewal and reargument, but which was, in actuality, for reargument.

Ordered that the appeal from the order dated April 27, 2000, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 14, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant's contention that it should have been allowed to defend the action pursuant to CPLR 317 is without merit. The defendant failed to establish that it did not receive actual notice of the summons in time to defend, as required by CPLR 317 (*see, Fleetwood Park Corp. v Jerrick Waterproofing Co.,* 203 AD2d 238). Under the circumstances of this case, to estab-

lish entitlement to vacatur of its default, it was necessary for the defendant to establish both a reasonable excuse for the default and a meritorious defense (*see, Roussodimou v Zafiriadis,* 238 AD2d 568). The defendant failed to satisfy this standard.

The defendant's second motion, characterized as one for renewal and reargument, was not based upon new facts which were unavailable at the time it submitted the original motion (*see, Bossio v Fiorillo,* 222 AD2d 476). Therefore, the motion was in actuality a motion to reargue, the denial of which is not appealable. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.