■ In the Matter of the Estate of JOAN MARIE FOTIADES, Deceased. GREGORY FOTIADES et al., Respondents; DAPHNE FOTIADES, Appellant. [832 NYS2d 657]—

In a proceeding, inter alia, in effect, to invalidate two deeds, Daphne Fotiades appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Suffolk County (Weber, A.S.), entered September 1, 2005, as denied her motion, inter alia, to vacate a decree of the same court dated October 11, 2002, entered upon her default in failing to appear at a hearing, declaring that the deeds were void, and that the subject real property was an asset of the decedent's estate.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Surrogate's Court providently exercised its discretion in denying the appellant's motion.

"[W]hether to relieve a party of an order entered on default is a matter left to the sound discretion of the court" (*Matter of Little Flower Children's Servs. v Vernon J.*, 213 AD2d 548, 549 [1995]; *see Chemical Bank v Vazquez*, 234 AD2d 253, 253 [1996]; *Matter of Fierro v Fierro*, 211 AD2d 676, 678 [1995]). The Surrogate's Court providently exercised its discretion in denying that branch of the appellant's motion which was made pursuant to CPLR 5015 (a) (1). Even if the appellant did not intend to withdraw her objection to the petition, the appellant failed to proffer a reasonable excuse for her failure to appear at the hearing. Her assertions that she did not receive notice of the hearing and that the hearing did not even take place are clearly refuted by the evidence, which includes a transcript of the hearing showing that she was present at the prehearing conference held immediately prior to the hearing. As to that branch of the motion which was made pursuant to CPLR 317, the appellant failed to demonstrate that she did not receive actual notice of

the petition (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Jagiela v 1329 Realty, LLC*, 17 AD3d 533, 534 [2005]; *Martinovich v Commercial Instrumentation Servs.*, 278 AD2d 290 [2000]), since she timely filed an objection to it.

Moreover, the appellant failed to satisfy the requirement under both CPLR 5015 (a) (1) and 317 that she establish the existence of a meritorious defense or, in this case, "a substantial basis for the contest and a reasonable probability of success on the part of the [movant]" (*Matter of Greene*, 240 AD2d 745, 745 [1997]; *see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447, 447 [2005]; *DiBlasio v Kaufman*, 282 AD2d 496 [2001]; *Matter of Morgen*, 251 AD2d 333, 333 [1998]).

The appellant's remaining contentions are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.