■ GAZETTEN CONTRACTING, INC., Respondent, v HCO, INC., Appellant. (And a Third-Party Action.) [844 NYS2d 721]—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 9, 2006, which denied its motion to vacate an order of the same court entered January 19, 2006, granting the plaintiff's motion to strike the defendant's answer and for leave to enter a default judgment against it upon counsel's failure to attend a court conference, and directing an inquest on the issue of damages.

Ordered that the order is affirmed, with costs.

In order to vacate an order striking its answer based upon its default in appearing for a scheduled conference before the court, the defendant herein was required to demonstrate both a reasonable excuse for its failure to appear and a meritorious defense (*see McClaren v Bell Atl.,* 30 AD3d 569 [2006]; *Kein v Zeno,* 23 AD3d 351 [2005]; *Rubenbauer v Mekelburg,* 22 AD3d 826 [2005]). Although the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), the defendant was required to substantiate the law office failure excuse with "detailed factual allegations" (*see Grezinsky v Mount Hebron Cemetery,* 305 AD2d 542 [2003]; *Eretz Funding v Shalosh Assoc.,* 266 AD2d 184, 185 [1999]). Here, the Supreme Court providently exercised its discretion in rejecting the defendant's excuse of law office failure as it was conclusory,

undetailed, and uncorroborated (*see McClaren v Bell Atl.*, 30 AD3d 569 [2006]; *Solomon v Ramlall*, 18 AD3d 461 [2005]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.