■ MARGARETTA FOXWORTH, Respondent, v JOHN JENKINS, Defendant, and ARTHUR E. PHILLIPS, Appellant. [852 NYS2d 518]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered May 7, 2007. The order denied the motion of defendant Arthur E. Phillips seeking, inter alia, to vacate a default judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the motor vehicle she was operating was rear-ended by a vehicle owned by Arthur E. Phillips (defendant) on June 11, 2003. Plaintiff attempted to serve the summons and complaint upon defendant in March 2006 by affixing a copy thereof to the door of his last known address and by mailing a copy to the same address. Defendant, however, had moved from that address at least one month before plaintiff attempted to serve process, and it is undisputed that he did not learn of this action until December 26, 2006. Supreme Court granted plaintiff's motion for a default judgment and awarded plaintiff the sum of $200,000 following an inquest on damages. Defendant thereafter moved, inter alia, to vacate the default judgment and the order awarding plaintiff damages against him pursuant to CPLR 317 and CPLR 5015 on the ground that he was not properly served, and the court denied the motion. We affirm.

Pursuant to CPLR 317, "[a] person served with a summons other than by personal delivery . . . who does not appear may be allowed to defend the action . . . upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense." Here, defendant failed to assert a meritorious defense in support of his motion and thus is not entitled to relief pursuant to CPLR 317 (see Matter of Fotiades, 38 AD3d 892 [2007], lv dismissed 9 NY3d 859 [2007]). Defendant also is not entitled to relief pursuant to CPLR 5015 (see Jefferson v Netusil, 44 AD3d 621, 622 [2007]; Fotiades, 38 AD3d 892). Although CPLR 5015 (a) (1) does not explicitly require defendant to present a meritorious defense, we have consistently held that a defendant must do so in support of a motion pursuant to CPLR 5015 (a) (1) (see e.g. Matter of Troy D.B. v Jefferson County Dept. of Social Servs., 42 AD3d 964, 965 [2007]; Bilodeau-Redeye v Preferred Mut. Ins. Co., 38 AD3d 1277 [2007]). Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.