■ In the Matter of the Estate of GEORGE J. ESPOSITO, Deceased. SUSAN ESPOSITO et al., Appellants; LILLIAN ESPOSITO, Respondent. [870 NYS2d 109]—

The decedent George J. Esposito died in September 1991 and his will was admitted to probate in January 1992. In April 2004,

upon the petition of Susan Esposito, Suelena Hess, George J. Esposito, Jr., and Nancianne Pearce (hereinafter the appellants), the Surrogate directed Lillian Esposito, the executor of the decedent's estate, to file an accounting, a task which she completed the next month. In September 2004 the appellants filed objections to the accounting. Over the course of the next three years, the appellants failed to appear for court-ordered discovery and two compliance conferences. In May 2005, as a result of one of those failures, the Surrogate dismissed the objections, but later vacated the dismissal order. When the appellants failed to appear for a second compliance conference, the court again dismissed their objections. The appellants thereafter moved to vacate this second order of dismissal, blaming their failure to appear on law office failure, the same excuse they had proffered to explain their earlier default. This time, however, the Surrogate refused to accept their excuse and denied their motion to vacate.

To be relieved of their default in appearing at the conference, the appellants were required to show both a reasonable excuse for the default and a substantial basis for their objections (*see Matter of Fotiades,* 38 AD3d 892, 893 [2007]; *cf.* CPLR 5015 [a] [1]; *Matter of Maxwell,* 13 AD3d 630 [2004]; *Matter of Gjokaj,* 286 AD2d 330 [2001]). Law office failure may, under certain circumstances, constitute a reasonable excuse for a default, but the party seeking to vacate the default must provide detailed allegations of fact that explain the failure (*see Gazetten Contr., Inc. v HCO, Inc.,* 45 AD3d 530 [2007]; *Grezinsky v Mount Hebron Cemetery,* 305 AD2d 542 [2003]). Here, the affirmation of an attorney from the law firm representing the appellants explained that the firm was downsizing significantly, two attorneys who had been handling the case were no longer with the firm, and the newly-assigned attorney's secretary, upon whom the attorney relied for calendering matters, had recently left the firm. This was a sufficiently detailed explanation for the law firm's failure to appear (*see Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp.,* 45 AD3d 634, 636 [2007]; *Friedman v Crystal Ball Group, Inc.,* 28 AD3d 514, 515 [2006]; *Weekes v Karayianakis,* 304 AD2d 561, 562 [2003]; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682 [1993]). Further, the appellants established a substantial ground for their objections (*cf. Matter of Fotiades,* 38 AD3d at 893; *Matter of Maxwell,* 13 AD3d 630, 631 [2004]). Nevertheless, in light of the fact that this was not the first time that the appellants failed to appear in this proceeding by virtue of the law office failure of their attorneys, we deem it appropriate to direct the law firm representing the appellants to pay the respondent,

from its own funds, the sum of $10,000 to cover the expenses attributable to the appellants' default (*see Levy Williams Constr. Corp. v United States Fire Ins. Co.,* 280 AD2d 650, 651-652 [2001]). Fisher, J.P., Lifson, Covello and Balkin, JJ., concur.