OPINION OF THE COURT
Sylvia O. Hinds-Radix, J.
Upon the foregoing papers, movants Rev. Dr. Joy A. Thomas and the Divine Center of Truth Church (the Church) move, by order to show cause, for an order (1) vacating the judgment of foreclosure and sale entered on August 3, 2010, (2) setting aside the sale and “restoring defendant, 509 Rogers LLC’s ownership in the property” and (3) dismissing this action for failure of plaintiff Flushing Savings Bank, FSB to serve movants with the notice required under Real Property Actions and Proceedings Law § 1303.
Plaintiff commenced this action on November 19, 2009 to foreclose a mortgage encumbering the subject property at 509 Rogers Avenue in Brooklyn. The mortgage was executed by defendant 509 Rogers LLC on November 16, 2006 to secure a note from plaintiff in the amount of $300,000. Upon the default of 509 Rogers LLC and the other named defendants in appearing or answering the complaint, plaintiff moved for an order of reference, which was issued on March 12, 2010 and entered on April 21, 2010. Subsequently, a judgment of foreclosure and sale was issued on June 30, 2010 and entered on August 3, 2010. The property was sold at a foreclosure sale for the amount of $200,000 and the referee executed a deed to FSB Properties, Inc. on October 20, 2010.
Following the sale, movants brought the instant order to show cause wherein they contend that they are tenants of the prop *422 erty who were never served with either the summons and complaint or the notice required under RPAPL 1303. The Church occupies the ground floor and Rev. Thomas resides on the second floor of the three-story building, classified on the City Register’s Recording and Endorsement Cover Page for the referee’s deed as a “1-3 FAMILY WITH STORE/OFFICE.”
Vacatur of the Judgment of Foreclosure and Sale
[1] Movants seek to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1) (based on excusable default) and CPLR 317 (based on their lack of knowledge of the action). However, whether a motion to vacate a default is made under CPLR 5015 (a) (1) or CPLR 317, the movant must demonstrate a meritorious defense to the action (Matter of Fotiades, 38 AD3d 892 [2007]). Here, movants have not offered any evidence to show that the underlying mortgage and note were invalid, that there was no default in payment or that the mortgagor, 509 Rogers LLC, had any other cognizable defense to foreclosure. While movants were not served with the summons and complaint in this action, such failure does not mandate vacatur of the judgment of foreclosure. Tenants of a property are necessary parties to a foreclosure action (RPAPL 1311), but are not indispensable parties, and the failure to name a tenant does not render the judgment of foreclosure and sale defective (see NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806 [2010]). The failure to join necessary parties simply leaves those parties’ interests unaffected by the judgment and sale (see 1426 46 St., LLC v Klein, 60 AD3d 740, 742 [2009]; 6820 Ridge Realty v Goldman, 263 AD2d 22, 26 [1999]; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 406 [1983]). It is not clear from the submissions before the court if either Rev. Thomas or the Church occupy the premises pursuant to a lease. Where there is a lease, the tenant “ ‘retains the right to remain in possession of the property for the remainder of the term of his or her tenancy, regardless of whether the lease has been recorded. The failure to join a tenant as a party fails to cut off the tenancy’ ” (1426 46 St., LLC, 60 AD3d at 742, quoting 2 Mortgages and Mortgage Foreclosure in New York § 32:12). As a result, those parts of the movants’ motion to vacate the judgment of foreclosure and set aside the sale are denied.
RPAPL 1303
On November 19, 2009, the date on which this action was commenced, RPAPL 1303 provided, in relevant part:
*423 “§ 1303. Foreclosures; required notices “1. The foreclosing party in a mortgage foreclosure action, which involves residential real property consisting of owner-occupied one-to-four-family dwellings shall provide notice to the mortgagor in accordance with the provisions of this section with regard to information and assistance about the foreclosure process.
“2. The notice required by this section shall be delivered with the summons and complaint to commence a foreclosure action.”
Thus, pursuant to the statutory provisions in effect at the time this action was commenced, plaintiff was under an obligation to provide the subject notice only to the mortgagor and only if the mortgagor occupied the premises.
Under chapter 507 of the Laws of 2009, the statute was amended to extend the obligation of the foreclosing plaintiff to serve the statutory notice on any tenant of a dwelling unit (L 2009, ch 507, § 1). The amended statute provides, in relevant part:
“§ 1303. Foreclosures; required notices “1. The foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to:
“(a) any mortgagor if the action relates to an owner-occupied one-to-four family dwelling; and “(b) any tenant of a dwelling unit in accordance with the provisions of this section.
“2. The notice to any mortgagor required by paragraph (a) of subdivision one of this section shall be delivered with the summons and complaint. . . .
“4. The notice to any tenant required by paragraph (b) of subdivision one of this section shall be delivered within ten days of the service of the summons and complaint.”
Movants contend that by reason of the above amendments to RPAPL 1303, plaintiff was required to serve the relevant notice upon movants as they were tenants of a dwelling. Citing First Natl. Bank of Chicago v Silver (73 AD3d 162 [2010]), movants argue that service of the RPAPL 1303 notice is a condition precedent to maintaining a foreclosure action, and the failure of plaintiff to comply with the statute mandates dismissal.
However, the above amendments to RPAPL 1303 to require service of the notice upon tenants of a dwelling became *424 effective on January 14, 2010, “the thirtieth day after this act shall have become a law” (L 2009, ch 507, § 25 [a]). As the instant action was commenced before the effective date, plaintiff was under no obligation to serve any tenants of the subject property with a notice pursuant to RPAPL 1303. Contrary to the contention of movants, the fact that a judgment of foreclosure was issued after the effective date does not make the amended provisions applicable to this matter. Movants’ argument is based upon an apparent misreading of section 25 of chapter 507 of the Laws of 2009, which provides, in part:
“§ 25. This act shall take effect immediately; provided, however, that:
“a. Sections one, one-a, two and three of this act shall take effect on the thirtieth day after this act shall have become a law and shall apply to notices required on or after such date; provided, however, that section one-a of this act shall expire and be deemed repealed 5 years after such effective date;
“b. Sections four, seven and eight of this act shall take effect on the thirtieth day after this act shall have become a law and shall apply to actions where a judgment of foreclosure and sale is issued on or after such date.”
The above subdivision (b) expressly states that it is applicable to sections four, seven and eight “of this act,” meaning chapter 507 of the Laws of 2009, not to RPAPL 1303, as argued by movants. Sections four, seven and eight of chapter 507 of the Laws of 2009, which are applicable to actions where a judgment of foreclosure is issued on or after the effective date, relate respectively to the addition of a new section to the RPAPL (section 1305) and amendments to Real Property Law § 221 and RPAPL 713. RPAPL 1303, on the other hand, was amended by section one of chapter 507 of the Laws of 2009.
As a result, movants’ motion is denied in all respects.