■ DAVID A. CANTOR, Respondent, v FRANTZIE FLORES, Appellant, et al., Defendants. [943 NYS2d 138]—

In an action to foreclose a mortgage, the defendant Frantzie Flores appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered January 5, 2011, which denied her motion to vacate a judgment of foreclosure and sale of the same court entered August 11, 2008, upon her default in answering the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the motion of the defendant Frantzie Flores (hereinafter the appellant) to vacate a judgment of foreclosure and sale entered upon her default in answering the complaint. While the appellant explicitly stated that her motion was based upon CPLR 5015 (a) (4), she failed to allege that the Supreme Court did not obtain personal jurisdiction over her. The affidavit of the plaintiff's process server, which constituted prima facie evidence of proper service (*see Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721 [2009]), indicated that the appellant was served on August 7, 2006, pursuant to CPLR 308 (1). The appellant failed to challenge, let alone rebut, the plaintiff's prima facie showing of proper service. To the extent the appellant based her motion to vacate the default judgment of foreclosure and sale on CPLR 5015 (a) (1), the motion was properly denied, as she failed to demonstrate a reasonable excuse for her default. While the

Supreme Court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005; *Swensen v MV Transp., Inc.*, 89 AD3d 924, 925 [2011]), the excuse must be supported by detailed allegations of fact explaining the law office failure (*see Matter of Esposito*, 57 AD3d 894, 895 [2008]; *Gazetten Contr., Inc. v HCO, Inc.*, 45 AD3d 530 [2007]). Here, the appellant's allegation of law office failure was vague, conclusory, and unsubstantiated (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789-790 [2011]; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904-905 [2008]). Since the appellant failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (*see Tribeca Lending Corp. v Correa*, 92 AD3d 770 [2012]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 790).

The appellant's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.