In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered June 26, 2012, as granted those branches of the defendants’ motion which were pursuant to CPLR 5015 (a) (1) to vacate a prior order of the same court granting the plaintiffs unopposed motion for leave to enter judgment on the issue of liability against the defendants, upon their default in appearing or answering, and, in effect, to deem the defendants’ answer timely served.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants’ motion which were pursuant to CPLR 5015 (a) (1) to vacate a prior order granting the plaintiffs unopposed motion for leave to enter judgment on the issue of liability against the defendants, and, in effect, to deem the defendants’ answer timely served, are denied.
A defendant seeking to vacate a default in appearing or *990 answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Bontempts v Aude Constr. Corp., 98 AD3d 1071, 1072 [2012]; US Bank N.A. v Stewart, 97 AD3d 740 [2012]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701 [2012]). While the defendants may have proffered a reasonable excuse for the initial two-month delay in retaining their current attorney (see Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc., 72 AD3d 762, 763 [2010]), the subsequently retained attorney failed to proffer a reasonable excuse for the further four-month delay in moving to vacate the default and for leave to serve a late answer (see CPLR 2214; Fenner v County of Nassau, 80 AD3d 555, 556 [2011]; 47 Thames Realty, LLC v Robinson, 61 AD3d 923, 924 [2009]; Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 794 [2008]). Although the Supreme Court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005; Swensen v MV Transp., Inc., 89 AD3d 924, 925 [2011]), the excuse must be supported by detailed allegations of fact explaining the law office failure (see Matter of Esposito, 57 AD3d 894, 895 [2008]; Gazetten Contr., Inc. v HCO, Inc., 45 AD3d 530 [2007]). Here, defense counsel’s allegation of law office failure was vague, conclusory, unsubstantiated (see HSBC Bank USA N.A. v Wider, 101 AD3d 683 [2012]; Cantor v Flores, 94 AD3d 936, 937 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789-790 [2011]), and unreasonable under the circumstances (cf. Stolpiec v Wiener, 100 AD2d 931, 932 [1984]).
In view of the absence of a reasonable excuse, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 792 [2012]; Tribeca Lending Corp. v Correa, 92 AD3d 770, 771 [2012]; Alterbaum v Shubert Org., Inc., 80 AD3d 635, 636 [2011]).
Accordingly, the Supreme Court erred in granting that branch of the defendants’ motion which was to vacate the prior order entered on their default.
The plaintiffs remaining contentions have been rendered academic in light of our determination.
Skelos, J.P, Chambers, Sgroi and Hinds-Radix, JJ., concur.