Millard v Wyche (2018 NY Slip Op 05838)





Millard v Wyche


2018 NY Slip Op 05838


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-05069
 (Index No. 25180/10)

[*1]Darcia Millard, respondent, 
v
Rose Wyche, etc., et al., defendants, Denise Miner, appellant.


Ronald Paul Hart, P.C., New York, NY, for appellant.
Carro, Carro & Mitchell, LLP, New York, NY (John S. Carro of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant Denise Miner appeals from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated March 13, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Donald Kurtz, J.) dated February 2, 2016, which, in effect, struck her answer based upon her failure to appear for a conference, and to restore the matter to the trial calendar.
ORDERED that the order dated March 13, 2017, is reversed, on the facts and in the exercise of discretion, with costs, the motion of the defendant Denise Miner pursuant to CPLR 5015(a)(1) to vacate the order dated February 2, 2016, and to restore the matter to the trial calendar is granted on condition that the defendant Denise Miner pay the sum of $1,000 to the plaintiff within 60 days after service upon her of a copy of this decision and order; in the event that the condition is not complied with, the order dated March 13, 2017, is affirmed, with costs.
In this action, which was commenced in October 2010, the plaintiff seeks, pursuant to RPAPL article 15, to compel the determination of claims to real property, alleging that she is the owner of the subject property by adverse possession. The complaint alleged that the property had been purchased in 1964 by Doris Millard and Phillip Millard, the plaintiff's aunt and uncle, respectively. Phillip Millard died in 1980, and Doris Millard died in 1983. At the time of her death, Doris Millard had one daughter, the defendant Denise Miner (hereinafter the defendant). The complaint alleged that the defendant was the only heir-at-law of Doris Millard's estate.
The plaintiff alleged that in 1995, she moved into the property, and, since May 1996, she has lived continuously at the property and has paid all the expenses and taxes for the property. The plaintiff alleged that in 1997, she changed the locks at the premises and denied the defendants permission to use the premises "in any manner."
In her verified answer, the defendant denied the material allegations in the complaint and asserted a counterclaim seeking the imposition of a constructive trust. She alleged that, at the time of her mother's death, she was an "under-aged minor," and she had a confidential or fiduciary relationship with the plaintiff by virtue of their familial relationship. She alleged that she permitted [*2]the plaintiff to maintain residence at the property in exchange for the plaintiff's promise to preserve, protect, and maintain the property for her benefit.
After nearly six years of litigation, which included discovery and multiple court conferences, the parties were scheduled to appear on February 2, 2016, in the Jury Coordinating Part (hereinafter JCP). On that date, the defendant and her then counsel failed to appear, and the Supreme Court issued an order which, in effect, struck the defendant's answer and referred the matter for an inquest. Thereafter, the defendant moved to vacate her default in failing to appear for the JCP conference and to restore the matter to the trial calendar. However, on May 6, 2016, which was the return date on her own motion, the defendant's then counsel again failed to appear. The court denied the defendant's motion on default.
Thereafter, the defendant, who had retained new counsel, again moved to vacate her default in appearing for the JCP conference scheduled for February 2, 2016, and to restore the matter to the trial calendar. In an order dated March 13, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
A defendant seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; Gazetten Contr. Inc. v HCO, Inc., 45 AD3d 530, 530; see also OneWest Bank, FSB v Singer, 153 AD3d 714, 715; Whitestone Constr. Corp. v Nova Cas. Co., 129 AD3d 832, 833). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Gomez v Gomez-Trimarchi, 137 AD3d 972, 973 [internal quotation marks omitted]; see Harcztark v Drive Variety, Inc., 21 AD3d 876). "Law office failure may, under certain circumstances, constitute a reasonable excuse for a default, but the party seeking to vacate the default must provide detailed allegations of fact that explain the failure" (Matter of Esposito, 57 AD3d 894, 894; see Blake v United States of Am., 109 AD3d 504, 505; Kohn v Kohn, 86 AD3d 630, 630). "Although [a] court has discretion to accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused" (Prudence v White, 144 AD3d 655, 656; see Wright v City of Poughkeepsie, 136 AD3d 809; Betz v Carbone, 126 AD3d 743, 744; Goody v Lloyd, 43 AD3d 390, 392).
Here, in support of her motion to vacate her default, the defendant submitted her affidavit and an affirmation of her former counsel. In her affirmation, former counsel explained that on January 25, 2016, there had been a JCP conference scheduled. However, due to a snowstorm, her train from Maryland to New York was canceled. The defendant submitted a copy of the train cancellation notice. Former counsel further explained that she contacted the defendant, the plaintiff's counsel, and a court clerk on the morning of the conference to advise them that she was not going to be able to make the appearance. According to counsel, the clerk told her over the telephone that the JCP conference would be adjourned to February 3, 2016. The defendant averred that on January 25, 2016, she appeared in the courtroom and was likewise told that the JCP conference had been adjourned to February 3, 2016. Both the defendant and her former counsel stated that they appeared in the JCP on February 3, 2016, only to learn that the conference had been scheduled for February 2, 2016. Under these circumstances, the defendant provided a sufficiently detailed explanation for her failure to appear at the JCP conference scheduled for February 2, 2016. Additionally, former counsel also explained in her affirmation her failure to appear on the return date of the prior motion to vacate the defendant's default.
Considering the lengthy history of litigation in this case, the defendant's two consecutive missed calendar appearances do not constitute a pattern of willful default and neglect so as to warrant the striking of her answer.
Moreover, contrary to the Supreme Court's determination, the defendant demonstrated the existence of a potentially meritorious defense to the plaintiff's claim of adverse possession by submitting copies of the pleadings, including her verified answer, which asserted, in [*3]effect, that the plaintiff's use of the property was permissive (see Jennings v Queens Tribune Publs., LLC, 101 AD3d 1086, 1087; Harris v City of New York, 30 AD3d 461, 465; Goldman v City of New York, 287 AD2d 482; see also Diaz v Mai Jin Yang, 148 AD3d 672, 673; Bratone v Conforti-Brown, 79 AD3d 955, 957-958).
Nevertheless, given the multiple calendar defaults by the defendant's former counsel, we deem it appropriate to direct the defendant to pay the plaintiff the sum of $1,000 (see Matter of Esposito, 57 AD3d at 895-896; Levy Williams Constr. Corp. v United States Fire Ins. Co., 280 AD2d 650, 651-652).
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court