Wright v Brooklyn Renaissance Funding Co., LLC (2019 NY Slip Op 05584)





Wright v Brooklyn Renaissance Funding Co., LLC


2019 NY Slip Op 05584


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-04094
 (Index No. 500299/14)

[*1]Inez Wright, appellant, 
v
Brooklyn Renaissance Funding Company, LLC, et al., respondents.


Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator of counsel), for appellant.
Charles J. Siegel, New York, NY (Philip G. Menna of counsel), for respondent Brooklyn Renaissance Funding Company, LLC.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY (Sean P. Kelley of counsel), for respondent Municipal Credit Union.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 10, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a) to vacate an order of the same court dated December 2, 2016, granting the motion of the defendant Municipal Credit Union, inter alia, for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, for leave to renew with respect to the order dated December 2, 2016.
ORDERED that the order dated March 10, 2017, is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell at the defendants' premises. The defendant Municipal Credit Union (hereinafter MCU) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated December 2, 2016, the Supreme Court granted MCU's motion upon the plaintiff's default in opposing it. The plaintiff thereafter moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated December 2, 2016, or, in the alternative, for leave to renew with respect to that order. The court denied those branches of the plaintiff's motion, and the plaintiff appeals.
To vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party must demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; Matter of Allstate Ins. Co. v Grodzki, 112 AD3d 919, 919). "While CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 553-554; see Ortega v Bisogno & Meyerson, 38 AD3d 510, 511). A [*2]claim of law office failure "must be supported by detailed allegations of fact explaining the law office failure," and vague, conclusory, and unsubstantiated excuses are unacceptable (Cantor v Flores, 94 AD3d 936, 937; see GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; Campbell-Jarvis v Alves, 68 AD3d 701, 702). Here, the plaintiff's claim of law office failure was conclusory and unsubstantiated (see Cantor v Flores, 94 AD3d at 937; Campbell-Jarvis v Alves, 68 AD3d at 702). Since the plaintiff failed to demonstrate a reasonable excuse for her default, it is unnecessary to consider whether she demonstrated the existence of a potentially meritorious opposition to MCU's motion (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677; U.S. Bank N.A. v Hasan, 126 AD3d 683, 684; Cervini v Cisco Gen. Constr., Inc., 123 AD3d 1077).
We agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for leave to renew, as there was no opposition by the plaintiff to MCU's motion that could have been renewed (see CPLR 2221; Hudson City Sav. Bank v Bomba, 149 AD3d at 705; Dobbyn-Blackmore v City of New York, 123 AD3d 1083).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court