■ ANGELE STRIDIRON et al., Plaintiffs, v JACOB'S LADDER REALTY, L.L.C., et al., Defendants. OTIS ELEVATOR COMPANY, Third-Party Plaintiff-Appellant, v ROBERT VERTICAL TRANSPORTATION, INC., et al., Third-Party Defendants-Respondents. [821 NYS2d 579]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 10, 2006, which, upon reargument of a prior order of the same court and Justice, entered August 15, 2005, vacated third-party defendants' default only to the extent of converting that third-party action to a cross claim in the main action, unanimously affirmed, without costs.

Third-party defendants' "reargument" motion was properly treated as one for renewal, in light of facts brought to the IAS court's attention for the first time since entry of the default judgment (see e.g. Mejia v Nanni, 307 AD2d 870 [2003]). While certain of the "new" facts may have been known to third-party defendants at the time of third-party plaintiff's default motion, the court properly exercised its discretion in considering such facts to achieve substantive fairness in the case (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-377 [2001]).

On the instant motion, the court learned that third-party defendants had been added to the main action pursuant to an amended complaint and, in accordance with a stipulation signed by all parties, they were granted an extension of time to answer that amended pleading and assert cross claims against the defendant that brought the third-party complaint. Because all parties appeared in the main action, where limited discovery was being conducted, no prejudice could result from transforming the third-party complaint to a cross claim in the main action. The court further found evident, from all the facts now before it, that third-party defendants' eight-month default was not willful, but rather a consequence of attorney incompetence

and lack of communication among counsel, client and third-party defendants' insurance broker. There was evidence that the accident occurred only weeks after third-party defendants had sold their elevator servicing contracts to third-party plaintiff, and there was an issue as to when the negligent conduct took place that led to the claimed elevator defect. Vacatur of the default and conversion of the third-party claims into cross claims in the main action was, accordingly, a proper exercise of discretion. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Gonzalez, JJ.