■ TERESA PURSOO, Appellant, v YASMIN NGALA-EL, Also Known as YASMIN NGALA, et al., Defendants, and BUCCARRI NGALA, Also Known as BUKHARI NGALA-EL, et al., Respondents. [931 NYS2d 914]—

A defendant seeking to vacate a default under CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default in appearing or answering the complaint and a potentially meritorious defense to the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Kouzios v Dery*, 57

AD3d 949, 949 [2008]). The evidence submitted by the defendant Patricia Ngala, also known as Patricia Felton Ngala (hereinafter Patricia), in opposition to the plaintiff's motion and in support of her cross motion, including her prior attorney's detailed explanation for his neglect, was sufficient to demonstrate a reasonable excuse for her default in answering the complaint (see CPLR 2005; Stridiron v Jacob's Ladder Realty, L.L.C., 33 AD3d 320, 320-321 [2006]; Gironda v Katzen, 19 AD3d 644, 645 [2005]; Uddaraju v City of New York, 1 AD3d 140, 141 [2003]). Furthermore, the record demonstrated that Patricia has a potentially meritorious defense to the action. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against Patricia and in granting Patricia's cross motion, in effect, to vacate her default and to extend her time to serve an answer.

In support of that branch of her motion which was for leave to enter a default judgment against the defendant Buccarri Ngala, also known as Bukhari Ngala-El (hereinafter Buccarri), the plaintiff submitted her process server's affidavit averring that Buccarri had been served with a copy of the summons and complaint, and also submitted a factually detailed verified complaint and an affirmation from her attorney regarding Buccarri's default in appearing and answering (see CPLR 3215 [f]; Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003]), and there was nothing in the record to indicate that Buccarri made a timely appearance or answered the complaint (see Okeke v Ewool, 66 AD3d 978, 979 [2009]). Accordingly, that branch of the plaintiff's motion which was for leave to enter judgment against Buccarri, upon his default in appearing or answering, should have been granted (see Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc., 85 AD3d 706, 707 [2011]; Okeke v Ewool, 66 AD3d at 979; Levine v Forgotson's Cent. Auto & Elec., Inc., 41 AD3d 552, 553 [2007]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.