In an action to foreclose a mortgage, the defendant Albert Ujueta appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 3, 2010, as denied that branch of his motion which was to vacate a judgment of foreclosure of the same court entered December 5, 2008, upon his default in appearing and answering.
Ordered that the order is affirmed insofar as appealed from, with costs.
A defendant seeking to vacate a default in appearing and answering the complaint must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701 [2012]; Pursoo v Ngala-El, 89 AD3d 712 [2011]; Citimortgage, Inc. v Brown, 83 AD3d 644, 645 [2011]). “The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court” (Segovia v Deleon Constr. Corp., 43 AD3d 1143, 1144 [2007]; see Pimento v Rojas, 94 AD3d 844, 845 [2012]; Alberton Devs., Inc. v All Trade Enters., Inc., 74 AD3d 1000 [2010]).
The appellant’s contention that health issues prevented him *766 from answering or timely appearing in the action is unsupported by evidence substantiating that he was incapacitated for any part of the default period (see Price v Salvo, 203 AD2d 349 [1994]; Knight v City of New York, 193 AD2d 720, 722 [1993]; Hargett v Health & Hosps. Corp. of City of N.Y., 88 AD2d 633 [1982]). The appellant’s remaining arguments similarly do not establish that his default was excusable.
As the appellant failed to demonstrate a reasonable excuse for his delay, we need not address whether he established the existence of a potentially meritorious defense (see O’Donnell v Frangakis, 76 AD3d 999, 1000 [2010]; Toland v Young, 60 AD3d 754, 755 [2009]; Dorrer v Berry, 37 AD3d 519, 520 [2007]).
Accordingly, the Supreme Court properly denied that branch of the appellant’s motion which was to vacate the judgment of foreclosure. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.