■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HALO 2006-2, Appellant, v LUZ ESTELA RAMIREZ, Also Known as LUZ E. RAMIREZ, Respondent, et al., Defendants. [985 NYS2d 616]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered August 21, 2012, which granted the motion of the defendant Luz Estela Ramirez, also known as Luz E. Ramirez, to reargue her motion to vacate a judgment of foreclosure and sale, entered upon her default in answering or appearing, which had previously been denied in an order entered January 31, 2012, and, upon reargument, vacated the determination in the order entered January 31, 2012, denying her motion to vacate the judgment of foreclosure and sale, and thereupon granted the motion.

Ordered that the order entered August 21, 2012, is modified, on the law, by deleting the provision thereof, upon reargument, vacating the determination in the order entered January 31, 2012, denying the motion of the defendant Luz Estela Ramirez, also known as Luz E. Ramirez, to vacate the judgment of foreclosure and sale and thereupon granting the motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order entered January 31, 2012, denying the motion of the defendant Luz Estela Ramirez, also known as Luz E. Ramirez, to vacate the judgment of foreclosure and sale; as so modified, the order entered August 21, 2012, is affirmed, with costs to the appellant.

A motion for reargument must be ''based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'' (CPLR 2221 [d] [2]). Such motions are addressed to the sound discretion of the Supreme Court (see HSBC Bank USA, N.A. v Halls, 98 AD3d 718 [2012]; Matter of American Alternative Ins. Corp. v Pelszynski, 85 AD3d 1157, 1158 [2011]). Here, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Luz Estela Ramirez, also known as Luz E. Ramirez, which was for leave to reargue her motion to vacate a judgment of foreclosure and sale entered against her upon her failure to appear or answer.

Nevertheless, upon reargument, Ramirez failed to meet her burden on the motion to vacate the judgment of foreclosure and sale. A defendant seeking to vacate a default in answering or appearing must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Wells Fargo Bank v Malave, 107 AD3d 880 [2013]; U.S. Bank N.A. v Stewart, 97 AD3d 740 [2012]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701, 701 [2012]; Pursoo v Ngala-El, 89 AD3d 712 [2011]; Citimortgage, Inc. v Brown, 83

AD3d 644 [2011]). Here, while the Supreme Court providently exercised its discretion in accepting Ramirez's proffered excuse for her default in answering or appearing, Ramirez failed to demonstrate a potentially meritorious defense to the foreclosure action.

Accordingly, the Supreme Court, upon reargument, should have adhered to its original determination denying Ramirez's motion to vacate the judgment of foreclosure and sale. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.