■ Whitestone Construction Corp., Respondent, v Nova Casualty Company et al., Defendants, and Aon Industries, Inc., Also Known as Aon Superstructure, LLC, et al., Appellants. [12 NYS3d 144]—

In an action to recover damages for breach of contract, the defendants Aon Industries, Inc., also known as Aon Superstructure, LLC, Aon Realty, LLC, and George Tritaris appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered September 5, 2013, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated April 24, 2012, granting the plaintiff's motion, inter alia, for leave to enter a judgment against them upon their failure to appear at a status conference, to strike their answer for failure to comply with discovery orders, and directing an inquest on the issue of damages.

Ordered that the order entered September 5, 2013, is affirmed, with costs.

In order to succeed on a motion to vacate a judgment entered upon their default in appearing at a status conference, and upon the striking of their answer for failure to comply with discovery orders, the appellants were obligated to demonstrate both a reasonable excuse for their defaults and a potentially meritorious defense to the underlying action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). Although the disbarment of a party's attorney may constitute a valid excuse for a default (*see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011]; *Uddaraju v City of New York*, 1 AD3d 140, 141 [2003]), here, the appellants' unsubstantiated claim that James Armenakis, who is, in fact, a disbarred attorney, was retained by them to act as their counsel, did not establish a reasonable excuse for their defaults. In any event, the appellants' conclusory allegation that they had no contractual relationship with the plaintiff was insufficient to establish a potentially meritorious defense to this action to recover damages for breach of contract (*see Whitestone Constr. Corp. v Nova Cas. Co.*, 129 AD3d 831 [2015] [decided herewith]). Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 5015 (a) (1) to vacate an order dated April 24, 2012, granting the plaintiff's motion, inter alia, for leave to enter a judgment against them upon their failure to appear at a status conference, to strike their answer for failure to comply with discovery orders, and directing an inquest on the issue of damages. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.