Ferraro Foods, Inc. v Guyon, Inc. (2018 NY Slip Op 06515)





Ferraro Foods, Inc. v Guyon, Inc.


2018 NY Slip Op 06515


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-08080
2015-08082
 (Index No. 100187/14)

[*1]Ferraro Foods, Inc., respondent, 
v
Guyon, Inc., etc., et al., appellants, et al., defendants.


Michele Hauser, New York, NY, for appellants.
Mark A. Macron, Staten Island, NY (Richard A. Waldron of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Guyon, Inc., Alioni, Inc., 10th Enterprise, Inc., and Jamal Ali appeal from (1) an order of the Supreme Court, Richmond County (Phillip G. Minardo, J.), dated May 21, 2015, and (2) an order of the same court, also dated May 21, 2015. The first order denied the defendant Jamal Ali's motion for leave to renew a prior motion of the defendants Guyon, Inc., Alioni, Inc., 10th Enterprise, Inc., and Jamal Ali for leave to renew and reargue a motion by the defendant Jamal Ali to vacate a clerk's judgment of the Supreme Court, Richmond County, dated August 5, 2014, in the total sum of $61,315.21, insofar as it was entered against that defendant, upon his failure to answer the complaint. The second order denied a motion of the defendants Guyon, Inc., Alioni, Inc., and 10th Enterprise, Inc., to vacate the clerk's judgment dated August 5, 2014, insofar as it was entered against them, upon their failure to answer the complaint.
ORDERED that the appeal by the defendants Guyon, Inc., Alioni, Inc., and 10th Enterprise, Inc., from the first order dated May 21, 2015, is dismissed, as those defendants are not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Jamal Ali from the second order dated May 21, 2015, is dismissed, as that defendant is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the first order dated May 21, 2015, is affirmed on the appeal by the defendant Jamal Ali; and it is further,
ORDERED that the second order dated May 21, 2015, is affirmed on the appeal by the defendants Guyon, Inc., Alioni, Inc., and 10th Enterprise, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants Guyon, Inc. (hereinafter Guyon), Alioni, Inc. (hereinafter Alioni), 10th Enterprise, Inc. (hereinafter 10th Enterprise), (hereinafter collectively the corporate defendants), and their principal, Jamal Ali (hereinafter collectively with the corporate defendants the defendants), among others, to recover money owed on an account. The defendants failed to answer the complaint and a clerk's judgment on default was entered against them on August 5, 2014, in the total sum of $61,315.21.
In August 2014, Ali moved to vacate the judgment insofar as it was entered against him on the ground, among others, that the Supreme Court lacked personal jurisdiction over him because he had not been served with the summons and complaint. The plaintiff did not oppose the motion. The court, by order dated October 9, 2014, granted the motion on default, and vacated the judgment insofar as it was entered against Ali.
The plaintiff moved in October 2014, inter alia, to vacate the October 9, 2014, order and to restore the judgment insofar as it was entered against Ali on the grounds, among others, that it had not been served with the motion to vacate and that Ali had been properly served with the summons and complaint. By order dated November 26, 2014, the Supreme Court granted that branch of the plaintiff's motion which was to vacate the October 9, 2014, order and thereupon restored the judgment insofar as against Ali.
In December 2014, the defendants moved for leave to renew and reargue Ali's motion to vacate the judgment insofar as it was entered against him. In support, the defendants argued, inter alia, that Ali had not been properly served with the summons and complaint. Although Ali had retained counsel on behalf of himself and the corporate defendants upon learning of the action, prior retained counsel had not informed Ali of the need to answer the complaint. By order dated February 26, 2015, the Supreme Court denied the defendants' motion for leave to renew and reargue.
In March 2015, Ali moved for leave to renew the defendants' motion for leave to renew and reargue Ali's motion to vacate the judgment insofar as it was entered against him. In support, Ali again argued, inter alia, that he had not been properly served and that he had not been advised by prior retained counsel of the need to file an answer to the complaint. By order dated May 21, 2015, the Supreme Court denied Ali's motion for leave to renew. The defendants appeal from this order.
Meanwhile, in March 2015, the corporate defendants moved to vacate the judgment insofar as it was entered against them. In support, the corporate defendants argued, inter alia, that Ali had not been informed of the need to answer the complaint by prior retained counsel, and that they each owed amounts substantially less than that contained in the judgment. By a second order dated May 21, 2015, the Supreme Court denied the motion. The defendants also appeal from this order.
The Supreme Court providently exercised its discretion in denying Ali's motion for leave to renew the defendants' motion for leave to renew and reargue Ali's motion to vacate the judgment insofar as it was against him. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852; Commisso v Orshan, 85 AD3d 845, 845-846). " Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion'" (Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d at 853, quoting Varela v Clark, 134 AD3d 925, 926 [internal quotation marks omitted]). Here, Ali failed to set forth new facts not offered on the defendants' underlying motion that would change the determination (see CPLR 2211[e][2]). Moreover, Ali failed to offer a reasonable justification for [*2]the failure to present the allegedly new facts on the defendants' underlying motion (see CPLR 2211[e][3]; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852). Consequently, Ali's motion for leave to renew the defendants' motion for leave to renew and reargue was properly denied.
The Supreme Court also providently exercised its discretion in denying the corporate defendants' motion to vacate the judgment insofar as it was against them. " A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action'" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, quoting Hamilton Pub. Relations v Scientivity, LLC, 129 AD3d 1025, 1025). "Where a delay or default results from law office failure, a court may exercise its discretion to excuse that delay or default" (JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049; see CPLR 2005). A claim of law office failure should be supported by a "detailed and credible" explanation of the default (Henry v Kuveke, 9 AD3d 476, 479; see Pursoo v Ngala-El, 89 AD3d 712; Uddaraju v City of New York, 1 AD3d 140). "[M]ere neglect" (JP Morgan Chase Bank, N.A. v Russo, 121 AD3d at 1049) or "[b]are allegations of incompetence on the part of prior counsel" (Huggins v Parkset Supply, Ltd., 24 AD3d 610, 611 [internal quotation marks omitted]) are insufficient to establish a reasonable excuse (see Whitestone Constr. Corp. v Nova Cas. Co, 129 AD3d 832; Wei Hong Hu v Sadiqi, 83 AD3d 820; Campbell-Jarvis v Alves, 68 AD3d 701; Spatz v Bajramoksi, 214 AD2d 436).
Here, in support of their motion, the corporate defendants submitted an affidavit by Ali, which alleged, without supporting evidence, that prior retained counsel had not informed him of the need to answer the complaint. Such a bare allegation is insufficient to establish a reasonable excuse for the corporate defendants' default (see Whitestone Constr. Corp. v Nova Cas. Co, 129 AD3d 832; Wei Hong Hu v Sadiqi, 83 AD3d 820; Campbell-Jarvis v Alves, 68 AD3d at 702; cf. Pursoo v Ngala-El, 89 AD3d 712; Uddaraju v City of New York, 1 AD3d 140). Given the failure of the corporate defendants to establish a reasonable excuse for their default, we need not address whether the corporate defendants set forth a potentially meritorious defense (see New Century Mtge. Corp. v Corriette, 117 AD3d 1011; Diedrich v Wetzel, 112 AD3d 883).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court